IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL GREGORY,

    Plaintiff,

v.                              CIVIL ACTION NO. 2:05-CV-6

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## PROPOSED MEMORANDUM OPINION AND ORDER

Plaintiff, Michael K. Gregory, instituted this civil action on January 31, 2004 seeking judicial review pursuant to 42 U.S.C. Section 405(g) of an adverse final decision of the defendant dated 1/2/04. The Defendant filed a Motion to Dismiss Plaintiff's Complaint with supporting Brief [Documents 5 & 6]. Plaintiff filed a Reply to Defendant's motion with Supporting Brief [Documents 7 & 8]. The matter was referred to Magistrate Judge John S. Kaull [Document 9]. A Report and Recommendation was filed on 9/30/05 in which the Magistrate Judge recommended that the Defendant's Motion to Dismiss be GRANTED [Document 10]. Plaintiff filed Objections to the Report and Recommendation [Document 11]. On 10/17/05 the Court rejected the Report and Recommendation, DENIED the Motion to Dismiss and Ordered the Defendant to file an Answer and Transcript [Document 12]. On 11/15/05 the Defendant filed an Answer and the Administrative Transcript [ Documents 13 & 14].

On 12/15/05 Plaintiff filed a Motion for Summary Judgment and supporting Memorandum [Documents 16 & 17]. On 12/15/05 Plaintiff filed a Motion to Supplement the

Record with Lost Documents [Document 18]. On 12/19/05 the matter was referred to Magistrate Judge James E. Seibert. [Document 19]. On 2/8/06 Defendant filed her Motion for Summary Judgment and supporting Brief [Documents 22 & 23]. On 7/19/07 the Magistrate Judge GRANTED Plaintiff's Motion to Supplement the Record and Ordered that the Plaintiff electronically file any documents he wished to include in the record [Document 24]. Plaintiff responded by referring to the documents attached to Plaintiff's Motion to Supplement the Record which had already been electronically filed. [Document 25].

On 8/7/07 the Magistrate Judge filed a Report and Recommendation [Document 26]. He related that the Plaintiff had contended that the Commissioner's ALJ erred: (1) in failing to identify severe impairments of chronic low back strain and adhesive capsulitis; (2) by continuing the sequential analysis without considering all severe impairments; (3) by failing to consider the combined effects of Plaintiff's impairments by failing to identify all severe impairments; (4) by failing to consider whether Plaintiff met or equaled Listing 1.02B; (5) by failing to consider whether Plaintiff met or equaled Listing 1.04A; (6) by failing to call a Medical Expert to determine whether Plaintiff's impairments equaled a Listing; (7) by mis-stating the evidence concerning Listing 12.04; (8) by incorrectly applying Fourth Circuit precedent regarding Claimant's complaints of pain; (9) by asking the Vocational Expert an incomplete hypothetical question, and (10) by including a sit/stand option without specifying how often Plaintiff would need to alternate sitting and standing.

The Defendant had contended that the ALJ's decision was supported by substantial evidence, specifically that (1) the ALJ properly determined that chronic low back strain and adhesive capsulitis were not "severe" impairments, and thus that Plaintiff's arguments (1), (2),

and (3) would fail; (2) that the Plaintiff's arguments regarding Listings 1.02 and 1.04 were without merit; (3) that the ALJ committed no error in failing to obtain a medical expert (4) that the ALJ committed no error in considering Listing 12.04C; (5) that the Commissioner properly applied Fourth Circuit precedent regarding pain (6) that the ALJ's hypothetical question adequately included Plaintiff's limitations; and (7) that the ALJ did not err in including the sit/stand option.

The Magistrate Judge recommended that: (1) substantial evidence supported the ALJ's omission of chronic low back strain and adhesive capsulitis as "severe' impairments; and that it followed that Plaintiff's arguments (2) and (3) must fail; (4) & (5) substantial evidence supported the ALJ's failure to evaluate claimant's impairments under Listing 1.02 and Listing 1.04.; (6) the ALJ did not err in failing to obtain a Medical Expert to evaluate whether a Listing was equaled; (7) although the ALJ did not expressly consider the opinion of Galleher/Morello, his analysis of Listing 12.04 provided substantial support for the finding that Plaintiff would not experience decompensation upon a minimal increase in mental demands or change in the environment; (8) that the ALJ did not apply the correct credibility standard as set forth in **Craig v. Chater, 76 F. 3d 585 at 594 (4th Cir. 1996)** and did not make the threshold finding of whether the Plaintiff's impairments could reasonably cause the degree of pain alleged. (9) that substantial evidence did not support the ALJ's failure to include limitations in reaching.(10) that the ALJ's inclusion of a sit/stand option was sufficiently clear to indicate that Plaintiff must have a sit/stand option "at will", and thus the ALJ's decision was not contrary to **SSR 96-9p** which states that the ALJ must be specific as to the frequency of the individual's need to alternate sitting and standing.

The Magistrate Judge recommended that the Commissioner's Motion for Summary

Judgment be DENIED, and the Plaintiff's Motion for Summary Judgment be GRANTED and the matter remanded to the Commissioner because the ALJ failed to analyze properly Plaintiff's subjective complaints of pain and because substantial evidence does not support the ALJ's failure to include any limitations in reaching in his hypothetical question to the VE. The Magistrate Judge notified the parties that failure to file timely written objections to the R & R would result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. No objections to the R & R were filed by the parties.

### Findings of the Court

Pursuant to 28 U.S.C. Section 636 (b) (1) (C) this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which an objection is made. No objections to the R & R were filed by the parties. The Court having examined the R & R and being of the opinion that the Report and Recommendation indicate that the Magistrate Judge has thoroughly considered all of the pertinent issues and evidence in the case, the Court finds no reason to disagree with the recommended findings and disposition of the Magistrate Judge and hereby ADOPTS the Report and Recommendation in its entirety.

It is therefore ORDERED that the Defendant's Motion for Summary Judgment be DENIED and the Plaintiff's Motion for Summary Judgment be GRANTED. The final decision of the Defendant dated 1/31/04 is hereby REVERSED and this matter is REMANDED to the Commissioner for further action consistent with the Order of the Court.

Enter: *September 28th, 2007*

*Robt T. Wlashwell*
United States District Judge